J. Egbert Lynch, J.
The petitioners move under article 78 of the CPLB to prohibit á public hearing before the respondent State Division of Human Eights. The respondent cross-moves, pursuant to CPLB 7804 (subd. [f]) to dismiss the petition as insufficient in law.
On January 8, 1970 the petitioners were served with a complaint brought against them to the respondent division by the respondent Geraldine V. Santy. On September 18, 1970 they were served with a notice of a public hearing on the complaint. It is this hearing which is sought to be prohibited. The petitioners argue that paragraph a of subdivision 4 of section 297 of the Executive Law mandates that the notice must be served within 60 days of the filing of the complaint and that since this was not done the respondent division has lost its jurisdiction to proceed.
The respondent division argues in opposition that the 60-day period is directory only and is not a limitation on its jurisdiction. Primarily it seeks dismissal of the petition on the contention that the petitioners have an adequate remedy which has not been exhausted.
*693 Article 15 of the Executive Law delineates the way complaints to the respondent division shall be handled, how they shall be heard, to whom they shall be appealed and by which court the appeals shall be reviewed. When the respondent division determines that it has the jurisdiction to act, prohibition should not intrude into the statutory procedure. (Matter of Richards v. Mangum, 35 A D 2d 124.)
In Richards (supra), the division determined that it had jurisdiction and set the matter for a hearing. In an article 78 proceeding the Special Term intervened with an order of prohibition. While it is true that on the appeal the jurisdiction of the division was conceded and the order therefore reversed, the court nonetheless expanded its holding beyond the limitation imposed by the concession. “ In any event the judicial proceeding should not have been entertained. The statute (Executive Law, art. 15) envisions an administrative proceeding before the Division. A party dissatisfied with the determination of the Commissioner may appeal to the State Human Eights Appeal Board (Executive Law, § 297-a, subd. 6, par. c). Judicial review is available only from an order of the Appeal Board (Executive Law, § 298).” Additionally we point out that the statute is specific in its grant of authority to the Appeal Board to review the division’s determination of jurisdiction (Executive Law, § 297-a, subd. 7, par. b).
The petitioners’ motion must therefore be denied and the respondent’s cross motion granted.